**ANDRUS et al. v. HORNSBY et al.***
(No. 9704.)

(Court of Civil Appeals of Texas. Ft. Worth.
Dec. 10, 1921. Rehearing Denied
Jan. 21, 1922.)

**1. Damages ⬠15—Party injured by breach
should be put in as good position as if contract had been kept.**

For a breach of contract, the general rule is to give the injured party compensation; that is, put him as nearly as possible in as good a position as he would have been in if the contract had been kept.

**2. Damages ⬠23—Damages naturally resulting from breach of contract and within contemplation should be awarded.**

The law includes as an element of compensation for breach of contract all such damages as naturally resulted from the breach and may reasonably be presumed to have been contemplated by the parties when the contract was made.

**3. Sales ⬠418(19)—Award of special in addition to actual damages held not an award of double damages.**

Where plaintiffs sought to recover the difference between the value of the truck delivered and that contracted for as well as their loss of profits by reason of their inability to haul materials in as large quantities as contemplated, the court, in awarding a given sum as actual damages and a further sum as special damages, did not award double damages.

**4. Sales ⬠418(19)—Special damages for loss of profits held not speculative and remote.**

Where there was evidence that the truck actually delivered was worth at least $1,000 less than that contracted for, that defendant knew the purpose of the purchase and the amount plaintiffs would earn with the truck of the capacity ordered, and that plaintiffs lost at least $200 in profits by reason of their inability to haul the contemplated quantity of materials, special damages of $200 in addition to $1,000 awarded as actual damages were not so speculative and remote as to be nonrecoverable.

**5. Sales ⬠417—Failure to prove fraudulent representations held immaterial where no exemplary damages awarded.**

In an action for breach of a contract to furnish a truck of a given capacity and power, where the court awarded special damages for loss of profits in addition to actual damages consisting of the difference between the value of the truck contracted for and that delivered, it was immaterial whether plaintiffs proved their allegations that defendant's representations were fraudulent; the special damages awarded being, not exemplary, but incidental only.

**6. Appeal and error ⬠1054(1)—Judgment not reversed where supported by competent evidence.**

A judgment in action tried to the court will not be reversed for the introduction of incompetent evidence where there is sufficient competent evidence to support it.

Appeal from District Court, Eastland County; G. G. Hazel, Judge.

Action by W. C. Hornsby and another against W. L. Andrus and another. Judgment for plaintiffs, and defendants appeal. Affirmed.

Sayles & Sayles, of Eastland, for appellants.

Hornsby Bros., for appellees.

CONNER, C. J. The appellees, W. C. Hornsby and C. H. Hornsby, instituted this suit against W. L. Andrus and W. L. Magee, composing the firm of Andrus & Magee, for damages in the sum of $1,600 resulting from an alleged breach of a verbal contract.

The plaintiffs alleged, and there was evidence to sustain the allegations, that on December 6, 1918, the plaintiffs contracted with the defendants for a 3½-ton truck with trailer, to be used in hauling material of various kinds throughout the oil fields in Eastland county, for the price of $3,250. That defendants knew and were informed of the purpose for which the truck was to be used, and that it would be necessary to have such truck with such horse power to successfully transport material over the public roads in the oil fields.

It was further alleged that a certain truck was exhibited to them, which the defendants represented to be a Bethlehem truck with a trailer and of the character desired, having the capacity to haul and transport material of five tons and known as a 3½-ton truck; that plaintiffs were inexperienced with trucks and unable to judge of their capacity and relied upon the representations so made, and, believing them to be true, accepted the Bethlehem truck offered to them by the defendants and paid the defendants the sum of $3,250.

It was further alleged that the defendants knew and were informed that the plaintiffs could and would make on an average of $50 per day in hauling and transporting material in the oil fields on and over said roads if they were able to carry and transport as much as five tons per load, and had full knowledge and notice of the purpose for which the plaintiffs desired to use the truck; that soon after the delivery of the truck and trailer to the plaintiffs they discovered that it was not a 3½-ton truck, but, on the contrary, was a 2½-ton truck, which was insufficient in capacity and power to haul and transport materials for the oil fields and other places in sufficient quantities to realize the amount of profit they could and would have realized had such truck been a 3½-ton truck; that in fact they were unable with the truck delivered to them to earn more

than $25 per day; that they had operated said truck so delivered for a period of 60 days at a loss of $25 per day, or, in the aggregate, $1,500.

The plaintiffs, in substance, sought to recover the difference between the value of the truck actually delivered and the one contracted for, as well as for their loss in profits.

The defendants presented a number of demurrers and pleaded general and special denials.

The trial was before the court without a jury, and resulted in a judgment for the plaintiffs for $1,200, with 6 per cent. interest from December 6, 1918, and costs of suit, to which judgment exception was duly made, and the defendants have appealed.

In a group of assignments urging error in the action of the court in overruling demurrers and in rendering the judgment, it is insisted that the damages awarded were double in their character; that the amounts sued for as loss of profits were speculative, and not recoverable.

[1] For breach of contract the general rule is to give the injured party compensation; that is, put the plaintiff as near as may be in as good a position as he would have been had the defendant kept his contract. See 3 Williston on Contracts, § 1338. And in section 1391 the same author says:

"The general measure of damage for breach of warranty of quality is the difference between the value of the article actually furnished the buyer and the value the article would have had if it possessed the warranted qualities."

See, also, Jones v. George, 61 Tex. 345, 48 Am. Rep. 280; Spencer v. Hamilton, 113 N. C. 49, 18 S. E. 167, 36 Am. St. Rep. 611.

In the case cited from our own court, in so far as necessary to consider in the present case, it was said:

That "in all cases of civil injury resulting from breach of contract or from tort, * * * the law gives, as near as may be done, compensation for the actual loss sustained," and that, except as there limited, "there is no practical difference in the rules for the determination of the measure of damages between cases arising on breach of contract and upon tort."

[2] In the application of the rule to award the injured party compensation, the law includes as an element all such damages as naturally resulted from the breach that may reasonably be presumed to have been in contemplation of the parties when the contract was made. See Spencer v. Hamilton and Jones v. George, supra; 8 R. C. L. p. 455, § 22.

[3, 4] In the light of these well-established rules, we do not think it can be said that the court in awarding the plaintiffs "$1,000 as actual damages and the further sum of $200 as special damages," awarded double damages. Nor do we think the special damages awarded under the evidence were of that speculative and remote character which are nonrecoverable by law. There was evidence, as we think, which sustained the trial court's conclusion that the truck and trailer actually delivered to the plaintiffs was worth at least $1,000 less than the 3½-ton truck that the plaintiffs contracted for; and it was further shown, in substance, that at the time of the negotiations one of the plaintiffs took the negotiating defendant with him into the oil fields and explained the purpose of the purchase and the amount that he could earn with a 3½-ton truck. And we think it was further shown with reasonable certainty that at least the sum of $200 was lost to the plaintiffs in the way of profits. The group of assignments referred to, to wit, the first, second, third, fifth, sixth, twelfth, and thirteenth, are all overruled.

[5] The plaintiffs alleged that the representations made by the defendants were fraudulent, and in the seventh assignment it is insisted that the court erred in rendering judgment for the reason that the proof fails to show fraud in this respect. This, however, is wholly immaterial, inasmuch as the special damages awarded were not exemplary in character, but incidental only and within the ruling of Jones v. George and other authorities above cited. The seventh assignment is accordingly overruled.

[6] In the eighth, ninth, tenth, and eleventh assignments exception is made to certain testimony introduced in evidence by the plaintiffs over the objection of the defendants. We do not consider it important to set out this testimony and review it, inasmuch as the trial was before the court without a jury, and the rule is well settled in this state that a judgment will not be reversed for the introduction of incompetent evidence in cases where the competent evidence is sufficient, as we think is true here, to support the judgment. See Creager v. Douglass, 77 Tex. 484, 14 S. W. 150; Clayton v. McKinnon, 54 Tex. 206; Smith v. Hughes, 23 Tex. 248.

All assignments are accordingly overruled, and the judgment is affirmed.