### FEATHERSTON v. BOXBERGER.
#### (No. 1515.)

(Court of Civil Appeals of Texas. El Paso. Nov. 15, 1923.)

**1. Contracts ☞103—Promise in consideration of illegal act void.**

A promise made in consideration of an act which is forbidden by law is void.

**2. Landlord and tenant ☞29(1)—Lease of wall for advertising signs not illegal.**

Where defendant leased plaintiff the exclusive right to use the west wall of a building for advertising purposes, and lessee could have performed his contract by complying with an ordinance, prohibiting signs on property without consent of the owner in writing, by securing such consent and presenting it to the building inspector as authority for permit, the contract was not illegal.

**3. Damages ☞1 — Injured party entitled to compensation for breach of contract.**

For breach of contract, the general rule is to give the injured party compensation; to put him as near as may be in as good a position as he would have been had the contract been kept.

**4. Landlord and tenant ☞48(2)—Rule of damages for breach of contract to lease wall for advertising signs stated.**

For breach of contract to lease wall for advertising signs, lessee could recover profits, if any, which he could have made had lessor not breached his contract; that is, the value of space for advertising less cost of construction.

Appeal from El Paso County Court at Law; J. M. Deaver, Judge.

Action by Olen F. Featherston against C. H. Boxberger. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

J. W. Morrow, of El Paso, for appellant.

Croom, Goldstein & Croom, of El Paso, for appellee.

#### Statement of the Case.

HARPER, C. J. Featherston brought this suit against Boxberger for damages for breach of the following contract:

"El Paso, Texas, 5/20, 1921.

"City Sign Co. Wall Lease. For one dollar, and other valuable considerations, Mr. C. H. Boxberger, the undersigned lessor, hereby leases, and grants to Olen F. Featherston, of the City Sign Company, or its assigns, lessee, the following premises, and privileges, to wit: The exclusive right to use for advertising purposes, the entire west wall of building, except hotel sign of the building located at 309 Mill street, in the city of El Paso, state of Texas, for a term of 2½ years, from the 1st day of July, 1921, with the right to the lessee of occupying and using said premises, at the same rate. The lessor covenants not to permit any other part of the above building to be used for advertising purposes by any other person or corporation, and agrees that all signs and sign structures placed upon the premises hereby leased by the lessee shall always remain the personal property of the lessee. The lessor represents that he is the lessee of the property above described, and has authority to make this lease, and guarantees to the lessee access to the roof, if necessary, to swing scaffolds.

"C. H. Boxberger, Lessor.
"Address, 300 E. San Antonio."

Defendant resists the cause of action by the plea that it is in violation of a city ordinance which prohibits any person attaching a sign or billboards on any property without the consent of the owner in writing, and presented to the building inspector as authority for a permit. The cause was submitted to court without a jury, and judgment entered for defendant. Appealed.

The court filed the following findings of fact: That the contract copied above was executed. That the building was owned by D. P. Stewart. That defendant was the lessee of the second and third floors, for rooming house, and the lower floor to a different tenant. That defendant had no control over the outside wall of the building, nor was he authorized by Stewart to lease it to plaintiff. That plaintiff in good faith undertook to perform his part of the contract, and painted a sign for the defendant of the reasonable value of $40, as a part of the consideration for the lease. The court further found that the ordinances requiring, before construction of signs, etc., the consent of the owner of the property and a permit from the building inspector, had not been complied with.

To reverse the three propositions of appellant, they present the following: (3) The court erred in refusing plaintiff's motion for judgment on the findings of fact, because (1) the contract is valid, and (2) not in violation of any city ordinance.

[1] The law is that a promise made in consideration of an act which is forbidden by law is void; put in a different way, a contract is illegal, if it violates a constitutional statute or ordinance, or if it cannot be performed without the violation of such statute or ordinance.

[2] By this writing defendant granted and leased, etc., to plaintiff, "the exclusive right to use for advertising purposes the entire west wall of building, except hotel sign located at 308 Mills street," and by verbal agreement found by the court the plaintiff, as a consideration therefor, painted a sign for the defendant presumably upon this same wall, but not so found. It seems clear that there is no ordinance that inhibits the doing of anything contained in these agreements, but appellee says that appellant expressly promised and obligated himself to paint a sign for appellee on the hotel building without first obtaining the written consent of the owner of the building and a permit from the building inspector of El Paso to paint the sign. The court does not so find, nor is there any evidence to that effect. The test of illegality is: The thing contracted to be done as a consideration cannot be accomplished without the violation of the ordinance.

The plaintiff could have performed by simply complying with the provisions of the ordinance and securing the permit. The thing to be done is regulated by the ordinances invoked, and not prohibited. To illustrate: Appellee cites the case of Chimene et al. v. Pennington, 34 Tex. Civ. App. 424, 79 S. W. 63. The plaintiff in this case contracted to construct a house of combustible material within the fire limits of the city. This was prohibited by ordinance, so the contract was illegal and unenforceable.

The evidence in this case shows merely that appellee in writing leased to appellant the outside wall of a building for a term of two and a half years, and expressly stipulated that he had the right to so lease it, when in fact he did not have it, and thereafter breached his contract by failing to deliver. Under such circumstances, his lessee is entitled to recover his damages for the breach.

[3] For breach of contract the general rule is to give the injured party compensation; that is, put the plaintiff as near as may be in as good a position as he would have been had the defendant kept his contract. Andrus et al. v. Hornsby et al. (Tex. Civ. App.) 238 S. W. 314.

[4] In this case this rule authorizes a recovery of the profits, if any, which the plaintiff would have made had the defendant not breached his contract. This is: Recover the value of the contracts for space for advertising less the cost of construction.

The appellant urges that the case be rendered in his favor, but we have reached the conclusion that the question of measure of damages has not been fully developed; therefore, must be reversed and remanded for the reasons assigned. So ordered.

Reversed and remanded.