## McARTHUR et al. v. DAY. (No. 797.)

Court of Civil Appeals of Texas. Waco. June 13, 1929.

Rehearing Denied June 27, 1929.

Joseph H. Byers, of Mexia, and Conway & Scharff, of Waco, for appellants.

Bryan & Maxwell, of Waco, for appellee.

STANFORD, J. This suit was by appellants against appellee to recover damages for the breach of a contract by appellee, by the terms of which appellee contracted to sell to appellants, for a consideration agreed upon by said parties, a certain bus then being operated by appellee between Waco and Mexia for the carriage of passengers and baggage between said points, together with the established patronage of said bus line, with the good will of appellee in said line; also appellee agreeing not to operate a bus line between said points over said road for two years after the delivery of the line, bus, and good will, in competition. Appellants alleged that they could and would have made a profit out of the operation of said line of $500 per month for said two years, and that by reason of appellee's breach of said contract they were damaged in the sum of $12,000. The trial court sustained appellee's general demurrer to appellants' petition, and, appellants declining to amend, the court dismissed their suit, from which action of the court appellants have duly appealed, and present the record for review upon the action of the court in sustaining appellee's general demurrer.

The parts of appellants' pleading material to the question here involved are as follows:

"2. That on and prior to August 1st, 1925, and continuously since that date, the defendant, Sam H. Day, owned and operated a stage or bus line, running between Waco, Texas, and Mexia, Texas, as a public carrier of passengers and baggage for hire and profit, and that in connection he owned a bus or stage operated between said towns upon a daily schedule.

"3. That beginning about July 4th, 1925, and terminating within a few days thereafter, the plaintiff, * * * and the defendant, Sam H. Day, entered in to an oral contract and agreement, whereby the defendant agreed to sell and convey to the plaintiff, and plaintiff agreed to buy said bus line above described together with the bus operated on said line and the good will in connection with said business, and all rights and privileges incident to said business, for the sum of Two Thousand ($2,000) Dollars in cash to be paid by the plaintiff to the defendant on or before

the 1st day of August, 1925, and the assumption by the plaintiff of the lien indebtedness owing by the defendant upon the automobile or bus in the sum of about $2,000.00, and in connection therewith, the defendant agreed with the plaintiff not to operate a bus or stage line in competition with said line so contracted to be sold to the plaintiff for the period of two years. * * * That prior to and on the 1st day of August, 1925, the plaintiff stood ready, able and willing to carry out her part of the contract and offered to pay to the defendant said Two Thousand ($2,000.00) Dollars in money and to assume the indebtedness owing by the defendant on his bus or automobile, but that the defendant failed and refused to carry out his part of said contract and agreement and failed and refused to deliver said bus line and the rights incident thereto to this plaintiff, but on the other hand, notified her orally that he refused to carry out his contract and thereby wholly breached the same, to the plaintiff's damage in the sum of $12,000.00, as is hereinafter alleged.

"4. Plaintiff further shows to the court that for some time prior to the breach of the contract as hereinabove alleged, the defendant had been operating said bus line between Waco, Texas, and Mexia, Texas, and was fully advised and had actual knowledge of the volume and extent of the business and of the profits accruing from its operation and such profits as would continue to accrue through its continued operation; that at the time of the breach of said contract as hereinabove alleged, said bus line was making a net profit of about Five Hundred ($500.00) Dollars per month; and that the net profit on its continued operation would increase in the future, and but for the breach of defendant's contract, the plaintiff would have operated said bus line and would have made a net profit of Five Hundred ($500.00) Dollars per month or Six Thousand ($6,000.00) Dollars per year, all of which the defendant knew; and that by reason of the defendant's breach of said contract, the plaintiff has been damaged in the sum of Twelve Thousand ($12,000.00) Dollars."

In passing upon a general demurrer, the pleading to which such demurrer is addressed should be construed liberally in favor of such pleading, and should be held to include in its allegations whatever is within the reasonable intendments thereof. It is also elementary that, in passing upon a general demurrer to the sufficiency of a pleading, the allegations of such pleading must be taken as true. As applied to the allegations of appellant's second amended petition in this case, the demurrer admitted as true the following allegations: That appellee had for some time prior to July 4, 1925, owned and operated a bus line between Waco and Mexia, making daily trips for the carriage of passengers and baggage, and had an established line of patronage in said business, and was making about $500 net per month by the operation of same; that on or about said date appellant and appellee entered into a contract by the terms of which appellee agreed to sell to appellant his said bus line, including his bus, his established trade or patronage, his good will, and he not to operate a competing line for two years, and appellant agreed to purchase of appellee all of said property, rights, and privileges, and pay therefor by August 1, 1925, $4,000; that on and before said date appellant tendered performance, but appellee breached said contract by failing to perform his part of said contract; that, at the time of the breach of said contract by appellee, he knew he was making a net profit of about $500 per month; and that the net profits on its continued operation would increase in the future, and, but for the breach of appellee's contract, the appellant would have operated said bus line and would have made a net profit of $500 per month for said two years.

That the loss of future profits for the interruption of an established business is recoverable as damages is not an open question in this state. City of San Antonio v. Royal (Tex. Sup.) 16 S. W. 1101; American Const. Co. v. Caswell (Tex. Civ. App.) 141 S. W. 1013; Orange Hotel Co. v. Townsend, 62 Tex. Civ. App. 1, 130 S. W. 701; Magnolia Petroleum Co. v. City of Port Arthur (Tex. Civ. App.) 209 S. W. 803 (writ refused); Merchants' Life Ins. Co. v. Griswold (Tex. Civ. App.) 212 S. W. 807; Hart Bros. v. Dallas County (Tex. Com. App.) 279 S. W. 1111; Bagby v. Hodge et al. (Tex. Civ. App.) 297 S. W. 882. Neither do we think the damages sought to be recovered in this case were special damages required to be pleaded more specially than was done in this case. For breach of contract the general rule is to give the injured party compensation; that is, put the injured party as near as may be in as good a position as he would have been had the defendant carried out his contract. Jones v. George, 61 Tex. 345, 48 Am. Rep. 280; Andrus v. Hornsby (Tex. Civ. App.) 238 S. W. 314 (writ refused). In the application of the above rule, the law includes, as an element, all such damages as naturally result from the breach, and that may reasonably be presumed to have been in contemplation of the parties when the contract was made. Appellee knew that he had established and was operating the bus line in question for the profit there was in so doing, and, when he contracted with appellant to sell same to her, he must have known that appellant was purchasing same for the purpose of making a profit out of its operation and, in case of a breach on the part of appellee, the loss of such profits must be presumed to have been in contemplation of the parties when the contract was made. Jones v. George, supra; El Paso S. W. R. Co.

**136**

v. Eichel & Weikel (Tex. Civ. App.) 130 S. W. 922, par. 27; Andrus et al. v. Hornsby et al. (Tex. Civ. App.) 238 S. W. 314 (writ refused); National Bank of Cleburne v. Pittman Roller Mill (Tex. Com. App.) 265 S. W. 1024, 36 A. L. R. 1405.

There is a line of decisions in this state holding that, where a business has not been started, a claim for lost profits occasioned by defendant's breach of contract is too remote and cannot be sustained. As said in Texas Power & Light Co. v. Roberts (Tex. Civ. App.) 187 S. W. 225: "The reason why courts have refused to allow recovery for net profits which the plaintiff alleges he would have made from a business which was not in existence at the time the contract was made and breached seems to be that such alleged net profits are not capable of proof with that degree of certainty required by the law. Whereas, when a business is already established and is making a profit when the contract is breached or the tort committed, such pre-existing profit, together with other facts and circumstances, may indicate with reasonable certainty the amount of profit which would have been made but for the wrongful conduct complained of."

The above case, and some others announcing the same rule, are cited and relied upon by appellee, but we think this case does not come within the rule announced in the last above cited case. In the instant case the appellant bought an established business, a bus line which had for some time been in operation, making daily trips from Waco to Mexia and return, together with the trade or patronage built up and established, together with the good will, and no competition from appellee for two years. But appellee says, while it was a going or established business which appellant bought, it was new to her, but it occurs to us that it would make but little difference, if any, to the traveling public accustomed to patronizing this bus line, whether it was owned by appellant or appellee, or whether an employee of appellee or of appellant was the driver. The general rule with reference to future profits as damages is thus accurately stated in 17 C. J. p. 785: "In the earlier cases there was a tendency to deny a recovery for lost profits as an element of damages. The modern rule, however, does not deny a recovery of profits because of the fact that they are profits, but because they are speculative, contingent or uncertain, and while there are many cases in which they have been denied upon these grounds, the generally accepted rule is that where it is shown that a loss of profits is the natural and probable consequence of the act or omission complained of, and their amount is shown with sufficient certainty, there may be a recovery therefor."

█ We think appellant's right to recover future profits as damages, and the amount thereof, are stated clearly and definitely, and, if she is not entitled to so recover, it must result from lack of evidence to show with reasonable certainty that she would have made profits, and the amount thereof. Appellant's petition was not subject to general demurrer, and the court erred in sustaining same, for which error the cause is reversed and remanded.