## MONTGOMERY WARD & CO. v. LUSK et al.
### No. 1257.

Court of Civil Appeals of Texas. Waco.
July 11, 1932.

Rehearing Denied Oct. 6, 1932.

Wear & Wear, of Hillsboro, for appellant.

J. Webb Stollenwerck, of Hillsboro, for appellees.

### ALEXANDER, J.

Mrs. Waitee Lusk, joined by her husband, O. B. Lusk, brought this suit against Montgomery Ward & Co. to recover compensation for certain services performed by her for the defendant. She alleged that she was a female, and was in the defendant's employment as a clerk in its store in the city of Hillsboro from August 17, 1929, to October 5, 1930, and that during said time she worked a total of 202 hours overtime, or more than 9 hours per day. She alleged that the defendant agreed to pay her for such overtime, but that it failed and refused to do so. She sued to recover the value of her services for such overtime. A trial before a jury resulted in a verdict for plaintiffs for the sum of $101. The defendant appealed.

Our Penal Code, article 1569, provides as follows:

"No female shall be employed:

"1. In any factory, mine, mill, workshop, mechanical or mercantile establishment, hotel, restaurant, rooming house, theater, moving picture show, barber shop, telegraph, telephone or other office, express or transportation company, or any State institution, or any other establishment, institution or enterprise where females are employed, for more than nine hours in any one calendar day nor more than fifty-four hours in any one calendar week." See Revised Statutes, article 5168.

The plaintiffs' pleadings and evidence show that Mrs. Lusk entered into a contract with the defendant by which it employed her to work in a mercantile establishment for more than 9 hours per day in violation of the above statute. The contract between Mrs. Lusk and the defendant by which she was to work such overtime and receive pay therefor was illegal. She here seeks to enforce such illegal contract. The rule is well established that a court will not enforce an illegal contract, and when the illegality of the contract sued upon appears, it is the duty of the court to at once decline to enforce it. 10 Tex. Jur. 183; 6 R. C. L. 692; 13 C. J. 410; Texas Employers' Ins. Ass'n v. Tabor (Tex. Com. App.) 283 S. W. 779, 780; Chimene v. Pennington, 34 Tex. Civ. App. 424, 79 S. W. 63 (writ ref.); Osage Oil & Gas Co. v. Caulk (Tex. Civ. App.)

243 S. W. 551, par. 8; Campbell v. Hood, (Tex. Com. App.) 35 S.W.(2d) 93, par. 3.

■ It is true that Penal Code, article 1572, which imposes a penalty on the employer for a violation of the above act, does not fix any penalty on the employee for a violation thereof. However, this is not material. The act prohibiting the employment of females for more than 9 hours per day is not intended for the protection of the employee only. It is in the nature of a state police regulation, and is intended for the protection of the public health and the perpetuation of the human race, and is therefore for the benefit of the public generally. Birkett v. Chatterton, 13 R. I. 299, 43 Am. Rep. 30; Short v. Bullion-Beck & Champion Mining Co., 20 Utah, 20, 57 P. 720, 45 L. R. A. 603; 39 C. J. 58. Such statutory protection cannot be waived by a single member of society. To permit individuals to enter into contracts to violate the law and then invoke the aid of the courts to secure the benefits thereof would be to encourage the doing of the very thing the law prohibits. That the law intended to prohibit such contracts is made clear by the act. The prohibition is directed, not against particular individuals, but against a particular thing, namely, the employment of females for more than 9 hours per day. It provides that "no female shall be employed," etc. It is the employment that is forbidden. It provides for a recurring penalty for each violation, and thus evidences legislative intent to prohibit the doing of the thing denounced. A contract made in violation of the statute is contrary to public policy, and cannot be enforced by either party.

The judgment of the trial court is reversed, and judgment is here rendered that the plaintiffs take nothing.