**GRAND PRIZE DISTRIBUTING CO. OF SAN ANTONIO, Inc.**

v.

**GULF BREWING CO. et al.**

No. 12719.

Court of Civil Appeals of Texas.

San Antonio.

April 28, 1954.

Rehearing Denied May 19, 1954.

Spears & LeLaurin, San Antonio, for appellant.

Andrews, Kurth, Campbell & Bradley, Houston, Foster, Lewis & Langley, Forrest A. Bennett, San Antonio, for appellees.

NORVELL, Justice.

This is an appeal from an order refusing a temporary injunction. Grand Prize Distributing Company of San Antonio, Inc., as plaintiff, alleged that on or about September 16, 1953, it entered into an oral agreement with appellee Gulf Brewing Company (one of the defendants below), whereby for a period of one year the appellant received an exclusive franchise to distribute Grand Prize beer, a product manufactured by Gulf Brewing Company, throughout Bexar County, with the exception of the territory designated as the West Side of San Antonio, where one Johnny Sanchez was distributor; that in reliance upon such contract appellant had secured proper licenses and equipment to carry out its agreement, expending for such purposes the sum of $17,000; that on the 4th day of March, 1954, appellant was informed that a re-organization of the management of the Gulf Brewing Company had taken place and that one Eugene Nolte, Jr., also named as a defendant, was taking over the

Bexar County distributorship for Grand Prize beer.

Appellant sought specific performance of the contract alleged, and by way of temporary relief sought an injunction restraining Gulf Brewing Company, its agent, W. W. Donaho, and Eugene Nolte, Jr., from interfering with its alleged exclusive distributorship prior to September 16, 1954. This would entail an order prohibiting the brewing company from selling Grand Prize beer to Nolte for distribution in Bexar County.

The Gulf Brewing Company denied under oath that an exclusive distributorship agreement had ever been made as alleged in appellant's petition, but, upon the hearing, the trial judge "of his own volition, raised the question as to whether or not the contract as pleaded by plaintiff, even should the same be substantiated in its entirety by proof, is in violation of the Anti-Trust laws of the State of Texas." The parties then presented authorities and arguments upon this question, agreeing in effect that if the court should conclude that the agreement as pleaded was in contravention of the anti-trust laws of Texas, no injunction should issue.

The court concluded that the contract alleged was one of purchase and sale and not one of mere agency, and was unenforcible as being contrary to the anti-trust laws of the State. The temporary injunction was accordingly denied.

The petition alleges a purchase and sale agreement, under the terms of which the brewing company was bound, for a period of one year from September 16, 1953, to sell its beer exclusively to appellant for distribution in Bexar County, with the exception of the San Antonio West Side.

By Article 7428, Vernon's Ann.Tex. Stats., the following is proscribed as a conspiracy in restraint of trade:

"Where any two or more persons, firms, corporations or associations of persons, who are engaged in buying or selling any article of merchandise, produce or any commodity, enter into an agreement or undertaking to refuse to buy from or sell to any other person, firm, corporation or association of persons, any article of merchandise, produce or commodity."

In Anheuser-Busch Brewing Ass'n v. Houck, 88 Tex. 184, 30 S.W. 869, 870, the Supreme Court, speaking through Mr. Justice Gaines, in discussing a contract similar to that relied upon by appellant here, said:

"The contract between the brewing company and Houck & Dieter bound the company to sell to the latter, and to sell to no other dealer in the city of El Paso. It is clear, we think, that these stipulations were well calculated to aid Houck & Dieter and their associates in effecting the purpose of the unlawful combination. They gave the combination a monopoly of the sale in the city of El Paso of the product of the plaintiff's brewery, and materially assisted the parties to the illegal contract in carrying out their object of controlling the market for sale of beer in bulk in that city."

Similarly, in American Brewing Ass'n v. Woods, 215 S.W. 448, 450, the Commission of Appeals said:

"This statute [hereinabove quoted, then appearing as Article 7798 of the Revised Statutes 1911,] clearly denounces as unlawful an agreement between any two or more persons, firms, corporations, or associations, who are engaged in buying or selling any article of merchandise, to refuse to sell to any other person any such article of merchandise, produce, or commodity. This transaction falls literally within the language of the statute. The brewing company was engaged in the sale of beer, and Woods was engaged in both the purchase and sale of beer, and the effect of the contract between them was that the brewing company should sell its products to Woods, and should refuse to sell to any other per-

son at Orange. We are not concerned with the policy of the law. The courts must enforce it as written. To hold in this case that the contract is not in violation of law is to permit the law to be violated with impunity, by designating as an agency that which is in fact a sale."

These cases are squarely in point and we would necessarily have to adopt a contrary holding in order to issue the injunction prayed for. Appellant recognizes this circumstance and argues that the rules above set forth are no longer applicable; that Texas now follows the so-called "rule of reason" in restraint of trade cases, and that authorities such as Cox, Inc., v. Humble Oil & Refining Co., Tex.Com.App., 16 S.W.2d 285, point the way to a rule which would permit the issuance of an injunction. It is said that cases such as American Brewing Ass'n v. Woods, supra, were "decided during a period when anything remotely bordering on, or even suggestive of, restraint of trade, was held to be in violation of law, without regard to the immediate effect upon trade. But that legal philosophy has been changed by recent decisions * * *," particularly in that "the Cox-Humble case recognized a distinction that there had been doubt and hesitation about previously, and the slow but certain process of relaxing the former decisions, and putting the merits of each case on a common sense basis, had begun."

While some change in approach to the problem or difference in philosophy may be indicated by the cases cited by appellant, we do not construe Cox, Inc., v. Humble Oil & Refining Co., Tex.Com. App., 16 S.W.2d 285, nor any other case to which our attention has been directed, as having overruled American Brewing Ass'n v. Woods, 215 S.W. 448, or Anheuser-Busch Brewing Co. v. Houck, 88 Tex. 184, 30 S.W. 869, and since these cases are squarely in point, it becomes our plain duty to follow them. Mitchell v. Town of Refugio, Tex.Civ.App., 265 S.W.2d 261; 21 C.J.S., Courts, § 197, p. 343.

The order appealed from is affirmed.