**Miller RHOADES, Appellant,**

v.

**CITY NATIONAL BANK, Administrator of The Estate of Chas. A. McCormick, Deceased, Appellee.**

**No. 11178.**

Court of Civil Appeals of Texas.

Austin.

March 25, 1964.

Rehearing Denied April 15, 1964.

David L. Tisinger, Austin, for appellant.

Hornsby & Kirk, Austin, for appellee.

ARCHER, Chief Justice.

This is an appeal from the action of the Trial Court granting the motion of defendant, appellee herein, for a summary judgment against plaintiff, appellant herein, that the contract sued on was illegal.

The appeal is predicated on two points assigned as error by the Trial Court in granting the summary judgment when the contract sued upon was legal and valid, and on the alleged ground that the law of the case had already determined that the contract was illegal.

Plaintiff alleged that the defendant's deceased agreed to purchase or cause to be purchased from plaintiff 10,000 shares of International Life Insurance Company stock for the sum of $60,000.00, and that the defendant's deceased failed to carry out the agreement and that plaintiff was damaged in the sum of $40,000.00 and the alternative for specific performance.

The defendant filed a Motion for Summary Judgment based on the illegality of the contracts, to which the plaintiff did not file an answer or counter affidavit.

By stipulation, the pleadings on the previous appeal to this Court in Cause No. 10,950, in which a judgment was rendered that Rhoades take nothing as to the International Life Operating Company and International Life Insurance Company, in McCormick v. Rhoades, 357 S.W.2d 595, er. ref., n. r. e., as well as the record should be looked to upon this appeal for all purposes, and we refer to the former cause and the proceedings therein, as well as the decision for all purposes.

The cause was remanded as to the suit against McCormick Estate, and a trial was had and the result was as hereinabove mentioned.

In the former case the judgment was rendered for the Life Insurance Company upon the basis that the alleged contracts, oral or written, are in violation of the law which had been affirmatively plead by the insurance company, but not by the representatives of the McCormick Estate. In the instant case such was done.

We believe that the contracts sued upon by Rhoades were illegal and that the Court properly sustained the Motion for Summary Judgment because the plaintiff cannot recover. Article 3.67, Insurance Code of Texas, V.A.T.S.; McCormick v. Rhoades, supra; 4 Tex.Jur.2d, 707–709, Sec. 1014; Slaughter Cattle Company v. Potter County, Tex.Civ.App., 235 S.W. 295, (affirmed in 254 S.W. 775, Com. of Appeals).

The cause of action on which appellant based his pleadings is that McCormick had agreed to purchase, or have purchased, 10,000 shares of Life Insurance Company stock for $60,000.00. Further allegations were that the Operating Company and the Life Insurance Company operated as agents of each other in the purchase of life insurance company stock, under a plan whereby some policyholders have an option to have applied dividends and "guaranteed funds" on life insurance issued by the Life Company to an account with the Operating Company, for the purpose of having the latter buy stock for such policyholder in the Life Company and alternatively a full written contract with the Operating Company; that at all times McCormick was the majority stockholder of the corporations and acted jointly with the corporations, and is jointly liable.

The pleadings of appellant are the same in this appeal, the evidence and judicial admissions are identical, and the record in this appeal as well as in the former appeal are before this Court by stipulation.

There is no evidence that McCormick desired to purchase the stock from Rhoades for himself, he already had a majority of the shares.

At the time the alleged agreement to purchase was made at a price of $6.00 per share, the evidence is that a little later on McCormick offered to sell for $1.83 per share.

The plan appears to be for Rhoades who was a director to sell to the policyholders through the Operating Company, and to receive money in connection with the plan, and as a director of the Life Insurance Company, Rhoades was prohibited by Article 3.67, Insurance Code of Texas, and is illegal. Montgomery Ward and Company v. Lusk, Tex.Civ.App., 52 S.W.2d 1110, er. ref.; Mercury Life & Health Company v. Hughes, Tex.Civ.App., 271 S.W.2d 842, er. ref.

Since we in the former cause wrote extensively and cited many authorities, it is not essential that we go more into detail than we do in this appeal.

The judgment is affirmed.