SMITH et al. v. KOUSIAKIS. (No. 417.)

(Court of Civil Appeals of Texas. El Paso. Dec. 24, 1914. Rehearing Denied Jan. 21, 1915.)

MONOPOLIES (§ 12*)—CONTRACTS—RESTRAINT OF TRADE—"TRUST."

A contract binding a party thereto to prevent the use for two years of a building for a lunch counter in competition with the lunch business of the other party conducted in the vicinity is void as in restraint of trade, within Rev. St. 1911, art. 7796, defining a trust as a combination of capital, skill, or acts by two or more persons to create restrictions in the pursuit of any business permitted by law, etc.

[Ed. Note.—For other cases, see Monopolies, Cent. Dig. § 10; Dec. Dig. § 12.*

For other definitions, see Words and Phrases, First and Second Series, Trust.]

Appeal from District Court, El Paso County; P. R. Price, Judge.

Action by Nick K. Kousiakis against R. A. Smith and another. From a judgment for plaintiff, defendants appeal. Reversed and remanded.

Ballard Coldwell, of El Paso, for appellants. G. L. & Atlas Jones, of El Paso, for appellee.

HARPER, C. J. This is an action for injunction by Nick K. Kousiakis against R. A. Smith and Samuel Levinson. Judgment for plaintiff, and defendants appealed.

The appellants' first, second, and third assignments are based upon mooted questions of fact, with evidence both ways. It will therefore be presumed that the trial court properly resolved the facts against the defendants, and in support of the judgment entered.

By their fourth and fifth assignments and the propositions thereunder, they assert the proposition that the contract between the parties, and set out herein, is in violation of what is commonly called the "anti-trust statute" of the state, and is therefore null and void, and therefore the court erred in issuing its writ of injunction in aid of its observance by the parties.

O. B. Eads, being the lessee and in possession of a store building, known as 316 San Antonio street, El Paso, Tex., entered into the following contract in writing with Kousiakis:

"The State of Texas, County of El Paso.

"Know all men by these presents, that O. B. Eads and F. A. Kirk and Nick Kousiakis, all of the city of El Paso, Texas, have contracted and agreed as follows: The said O. B. Eads and F. A. Kirk, for and in consideration of the sum of one hundred dollars ($100.00) cash in hand paid to them by said Nick Kousiakis, the receipt of which is hereby acknowledged, hereby contract, agree, and covenant with the said Nick Kousiakis, and promise to the said Nick Kousiakis that neither they nor their lessees or assigns shall conduct, or permit to be conducted, in the front part of that certain building numbered 316 San Antonio street, city of El Paso, Texas, any kind of a lunch counter or lunch stand whatsoever at any time during the next two (2) years after March 13, A. D. 1914;

and the said O. B. Eads and F. A. Kirk hereby bind themselves, their heirs, executors, and administrators, to faithfully perform this contract.

"Witness the hands of said O. B. Eads and F. A. Kirk and Nick Kousiakis, in duplicate, this the 13th day of March, A. D. 1914.

         "O. B. Eads,
         "F. A. Kirk,
         "Nick Kousiakis."

Thereafter the premises were sublet to defendant Smith by Eads, and thereupon Smith leased to defendant Levinson a space in the front of said house to be operated for a lunch stand, and Levinson placed fixtures therein and commenced the operation of a lunch stand. At the time the above contract was executed, and at the time Levinson begun operating his lunch stand, the plaintiff was operating a similar lunch stand at 324 East San Antonio street, about 60 feet away.

The particular provision of the anti-trust statute relied upon by appellant (article 7796, Revised Civil Statutes, 1911) is as follows:

"A 'trust' is a combination of capital, skill or acts by two or more persons, firms * * * or associations of persons, or either two or more of them for either, any or all of the following purposes: First * * * To create or carry out restrictions in the free pursuit of any business authorized or permitted by the laws of this state. * * * Seventh. To abstain from engaging in or continuing business, * * * partially or entirely within the state of Texas, or any portion thereof."

The contract above quoted in no way partakes of the nature of an option, as contended for by appellee, but is clearly an attempt to prevent all others who desired to compete with plaintiff from renting and occupying the space in question, because such occupancy as a lunch stand would reduce the plaintiff's sales and consequent profit—no provision that Kousiakis could under any circumstances occupy the building. The effect of the provisions of the above contract is that in consideration of $100 Eads binds himself to prevent any competitor of Kousiakis from occupying a building controlled by him, that he might get all of the lunch counter trade of that section of the city.

The rigor of the rule that contracts in restraint of trade are against public policy has been very materially relaxed, and it seems clear that the rule is now settled that covenants in partial restraint of trade are generally upheld, when ancillary to a lawful contract, for instance, agreements by a seller of a business not to compete with the buyer in a way not to decrease the value of the business sold, etc.; and, while we find no case in Texas announcing the doctrine, all the cases cited and all found which upheld covenants in contracts are instances where such covenants were incident to and in support of the main contract, or a sale in which the covenantor has an interest which is in need of protection.

The Legislature having enacted the above statute, the courts are relieved of many of the questions involved in the constructions

of such contracts, and it leaves but one; i. e., do the provisions of the particular agreement between the parties come within the meaning of the statute quoted? It provides:

"* * * Hereby contract, agree, and covenant with the said Kousiakis, * * * and promise * * * that neither they nor their lessees or assigns shall conduct, or permit to be conducted, in the front part of that certain building, * * * 316 San Antonio street, city of El Paso, * * * any kind of a lunch counter or lunch stand," etc.

If these covenants had been in a contract of sale or lease, then there could be no question that they would have been legal, and subject to be enforced by injunction; but there is a marked difference between the supposed case and this one, where Eads agrees with Kousiakis, the latter being in the lunch counter business in the same locality in the city, that in so far as the property he controlled in the same section was concerned he would see that no lunch counter be operated therein in competition with a business already established, not only while under his control, but in the hands of those holding under him. Clearly, an "act between two persons to carry out restrictions in the free pursuit of a business permitted by law—an agreement to abstain from and to prevent others from engaging in such a business"— thus preventing competition, interferes with the public interest. Crandall v. Scott (Civ. App.) 161 S. W. 925; Clemons v. Meadows, 123 Ky. 178, 94 S. W. 13, 6 L. R. A. (N. S.) 847, 124 Am. St. Rep. 339, and note.

As such, the contract was null and void, therefore unenforceable, and the trial court erred in granting the injunction. The cause must therefore be reversed and remanded, and the injunction dissolved; and it is so ordered.

Judge HIGGINS doubts the applicability of article 7796 to the state of facts here presented, but is of the opinion that at common law the contract sought to be enforced is void, and he therefore concurs in the disposition of the case made by the majority. Briefly stated, his views are to this effect:

While the rigor of the early common-law rule has been relaxed, which declares void any contract tending to restrain trade, so that the common law now recognizes as valid many agreements in partial restraint of trade, yet they are limited to covenants when ancillary to a lawful contract, as, for instance, an agreement by the seller of a business not to compete with the buyer in such a way as to decrease the value of the business, or by a retiring partner not to compete with the firm, by a partner not to do anything to hinder the business of the partnership, by the buyer of property not to use it in competition with the business retained by the seller and agreements by the lessor of property not to use it in competition with the business of the lessee.

It is a very general rule that all contracts of this character must be incident to and in support of another contract or a sale in which the covenantor has an interest which is in need of protection. The contract in question is considered by him to be certainly in restraint of trade, and, since it is not ancillary to a lawful contract, it must be regarded as unreasonable, contrary to public policy, and void, irrespective of the applicability of article 7796. Clemons v. Meadows, supra, and note thereunder.

Reversed and remanded.