**NELMS et al. v. ELECTRO–BALL CO., Inc.**

**No. 13230.**

Court of Civil Appeals of Texas. Dallas.

Nov. 28, 1941.

Rehearing Denied Jan. 9, 1942.

Chrestman, Brundidge, Fountain, Elliott & Bateman, of Dallas, for appellants.

Max R. Rosenfield and Storey, Sanders, Sherrill & Armstrong, all of Dallas, for appellee.

LOONEY, Justice.

This appeal is by O. L. and B. B. Nelms from an order of the court below, granting temporary injunction in a suit filed against them by Electro-Ball Company, Inc., seeking recovery of both actual and exemplary damages. The appellee was engaged in selling or distributing, among other things, cigarettes, and one of its methods of selling cigarettes was through a vending machine placed in certain establishments; and prior to the present controversy, had placed about 400 of these machines in different places in the City of Dallas, under written contracts with the respective proprietors, exclusive in nature, the proprietors agreeing, in consideration of a certain commission on the sales of cigarettes made on the premises by means of the vending machine, not to install other cigarette vending machines on the premises, or to engage individually in the sale of cigarettes on the premises. Appellee kept the machines stocked with cigarettes and, periodically, would take from the machines money deposited therein for cigarettes, and pay the proprietors the stipulated commission on the amount.

Appellants, together, also own about 100 cigarette vending machines, some of which they had placed in various establishments for the sale of cigarettes on a commission basis, in competition with appellee's machines, and for that purpose had solicited the proprietors of various other establish-

682

ments in which appellee had its machines. Appellee notified appellants that, under its contracts, it had the exclusive right to operate its machines for the sale of cigarettes, in all places where the same had been placed, and demanded that appellants move their machines from all such places. Appellants refused to comply with the demand, but continued to solicit business, and thereafter placed about five other machines in establishments where appellee had machines installed. In this status, the present action was instituted by appellee seeking, as before stated, recovery of both actual and exemplary damages, and the issuance of a temporary injunction. On hearing, appellee's application for a temporary injunction was granted, in part mandatory in nature, ordering and directing appellants to immediately remove their cigarette vending machines from some twelve different establishments in which appellee had previously installed its machines; enjoining appellants from interfering, in any manner, with appellee's contractual relationship with the proprietors of said establishments, also from placing or causing to be placed their machines in places where appellee's machines were installed, or from either directly or indirectly prevailing upon, persuading, or inducing the proprietors of such establishments to breach or violate the terms of their written contracts with appellee. Appellants excepted to the judgment, gave notice of and perfected this appeal.

When the case is tried on its merits, in view of the provisions of the statute against trusts and conspiracies against trade, we think it obvious that the decision will largely turn on the legality, whether or not, of the exclusive contracts under which appellee operates. We are not required to, nor do we, pass upon that question on this appeal, as the only question presented now is whether or not the court below abused its discretion in granting the temporary injunction, the office of which being simply to maintain the status quo and not to grant relief properly obtainable on final trial, hence we think the court erred in mandatorily requiring appellants to immediately remove their cigarette vending machines from the different establishments, believing that the status of all machines installed by the appellants, prior to the issuance of the injunction, should be maintained; however, are of opinion that the writ, in other re-

spects, was authorized, and that the court did not abuse its discretion in prohibiting appellants from soliciting proprietors of other establishments where appellee previously had installed its vending machines. See 24 Tex.Jur., pp. 140, 141, § 99. It follows that, in our opinion, the judgment below should be reformed by dissolving the mandatory feature of the injunction, and as reformed should be affirmed.

Reformed and affirmed.