Dr. Bernard SCHNITZER et al., Petitioners,

v.

**SOUTHWEST SHOE CORPORATION,**
Respondent.

No. A–8982.

Supreme Court of Texas.

Jan. 30, 1963.

Rehearing Denied Feb. 20, 1963.

Saner, Jack, Sallinger & Nichols, Robert F. Ashley, Dallas, for petitioners.

Rosenfield, Berwald & Mittenthal, Dallas, for respondent.

CALVERT, Chief Justice.

This appeal is from an order granting a temporary injunction.

Southwest Shoe Corporation sued Dr. Bernard Schnitzer and Sol Alpard for damages for an alleged breach of a lease agreement and sought a temporary injunction during pendency of the suit to prevent a forfeiture of the lease for non-payment of rent. The trial court directed deposit of the rent payments in the registry of the Court and granted the temporary injunction. The Court of Civil Appeals affirmed. 355 S.W.

2d 559. We reverse the judgments of the courts below and dissolve the injunction.

Schnitzer and his father-in-law, Alpard, who separately own adjoining buildings located on Garland Road, Dallas, Texas, agreed to operate the properties as an integral unit and were interested in developing the properties into a shopping center. With this business purpose in mind, Schnitzer negotiated a five-year lease of his premises to Southwest Shoe Corporation for an agreed rental of $39,000.00, payable $650.00 monthly, and providing for a right of forfeiture for non-payment of rent. The lease contains a provision which gives Southwest an exclusive right to sell shoes in the building located on the premises and in buildings of other owners who joined Schnitzer in ratifying the exclusive occupancy provision. Alpard ratified the exclusive occupancy restriction by signing the lease, but, subsequently, leased his adjoining premises to a lessee without informing the lessee of the restrictive covenant. Alpard's lessee leased to a sub-tenant who sold shoes as a part of his business operation. Thereupon, Southwest refused to make further rental payments and filed its suit for damages and sought and obtained a temporary injunction against forfeiture of his lease.

■ The principal question presented in the courts below and in this Court is whether, as a matter of law, the lease violates the anti-trust laws of this State. If it does, the trial court abused its discretion in granting the injunction. Camp v. Shannon, 162 Tex. 515, 348 S.W.2d 517; Southland Life Ins. Co. v. Egan, 126 Tex. 160, 86 S.W.2d 722, 723; General Telephone Co. of Southwest v. City of Wellington, 156 Tex. 238, 294 S.W.2d 385, 394; Dallas General Drivers, Warehousemen and Helpers et al. v. Wamix, Inc., 156 Tex. 408, 295 S.W.2d 873, 874. In so far as Nelms v. Electro-Ball Co., Tex.Civ.App., 157 S.W.2d 681, writ refused, W.O.M., holds to the contrary, it is expressly disapproved.

Texas statutes expressly prohibit trusts, monopolies and conspiracies in restraint of trade. Art. 7426,[1] as applicable here, defines a "trust" as "a combination of capital, skill or acts by two or more persons * * * for * * * any or all the following purposes:

"1. * * * to create or carry out restrictions in the free pursuit of any business authorized or permitted by laws of this State.

*　　*　　*　　*　　*　　*

"3. To prevent or lessen competition in the * * * sale or purchase of merchandise, produce or commodities * * *."

Art. 7429 prohibits all trusts, monopolies and conspiracies as defined in Art. 7426 and other statutes and declares them to be illegal. Art. 7437 provides that any contract or agreement in violation of the pertinent statutes is "absolutely void and not enforceible either in law or equity."

■ The clear purpose of the contract between Schnitzer, Alpard and Southwest was to create and carry out restrictions in the free pursuit of the business of selling shoes on the premises owned by Schnitzer and Alpard, and, to that extent, to prevent or lessen competition with Southwest in the sale of that merchandise. Unless the contract of the parties comes within some recognized exception to the statutory prohibition, it is in violation of the statute as a matter of law.

■ The rigidity of our anti-trust, monopoly and restraint of trade statutes has undoubtedly been softened in certain exceptional situations. See State v. Gulf Refining Co., Tex.Civ.App., 279 S.W. 526, 530, writ refused, and cases there cited. One of the exceptional situations is that in which an owner, lessor or one in control of premises agrees with another person that the other person shall have an exclusive right or privilege in or on the premises.

1. All Article references are to Vernon's Annotated Texas Civil Statutes.

or that the other person will sell on the premises only the products or merchandise of the owner or lessor. Fort Worth & D. C. Ry. Co. v. State, 99 Tex. 34, 87 S.W. 336, 70 L.R.A. 950; Celli & Del Papa v. Galveston Brewing Co., Tex.Com.App., 227 S.W. 941; Edwards v. Old Settlers' Ass'n., Tex.Civ.App., 166 S.W. 423, writ refused; Redland Fruit Co. v. Sargent, 51 Tex.Civ. App. 619, 113 S.W. 330, no writ history; Cox v. Humble Oil & Refining Co., Tex. Com.App., 16 S.W.2d 285. For discussions of cases of this type, see 3 T.L.R. 349–362; 6A Corbin on Contracts 62, § 1389; 90 A.L. R. 1449. Contracts or agreements of this character are upheld when they are collateral or incidental to a lawful lease or grant of premises in which the lessor or grantor has a property interest.

Southwest asserts that validity of the agreement before us is governed by the decisions just cited. It reasons that any agreement for an exclusive right or privilege on premises is valid if the covenantor "has an interest" to be protected by the covenant. It then argues that inasmuch as Alpard was interested with Schnitzer in the joint development of a shopping center, it is only a reasonable relaxation of the anti-trust statutes to hold the agreement valid. None of the cases on which Southwest relies has gone so far. The studied and carefully selected language used by the Commission of Appeals in Celli & Del Papa v. Galveston Brewing Co., supra, indicates that there has been no intention of going that far. The court placed its decision that the agreement in that case was valid on "the circumstance that defendant was engaged in the manufacture and sale of beer, and was the owner, lessor, or otherwise had control of the premises *to which alone* the agreement or combination complained of had reference." (Emphasis ours). 227 S.W. 942.

■ Outside of the exceptional situations heretofore mentioned, we have rejected appeals for a "reasonable" relaxation of the anti-trust statutes. Anheuser-Busch Brew-

ing Ass'n. v. Houck, 88 Tex. 184, 30 S.W. 869; Grand Prize Distributing Co. of San Antonio v. Gulf Brewing Co., Tex.Civ. App., 267 S.W.2d 906, writ refused; Climatic Air Distributors of South Texas v. Climatic Air Sales, Inc., 162 Tex. 237, 345 S.W.2d 702. The better policy is for the courts to enforce the statutes as written by the Legislature. Moreover, that is our duty.

If the agreement before us related only to the premises owned and leased by Schnitzer the exclusive right given Southwest would be valid as collateral and incidental to the lease of Schnitzer's premises. But if two landowners may validly enter into this type of agreement with a lessee of premises of one only, so could a dozen or all in a given area. We are unwilling thus to extend this exception to the anti-trust laws. An agreement similar to the one before us was declared invalid in Smith v. Kousiakis, Tex.Civ.App., 172 S.W. 586, no writ history.

The judgments of the Court of Civil Appeals and trial court are reversed and the temporary injunction is dissolved.