

# THE ATTORNEY GENERAL

## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

March 25, 1971

Honorable J. W. Edgar            Opinion No. M- 820
Commissioner of Education
Texas Education Agency      Re:   Class rings and the school
201 East 11th Street              district's authority to select
Austin, Texas   78711             at intervals a firm merchant
                                  with the exclusive privilege
                                  to service student purchases
                                  under school supervision and
Dear Mr. Edgar:                   at school facilities.

You have requested our opinion as to,

1.   "Whether an independent school district in Texas
may legally solicit bids from class ring manufacturers or their
representatives and based upon such bids, including specifica-
tions as to bidder's warranty, price, quality, design and ser-
vice, grant an exclusive privilege for a term of five years to
one such manufacturer or its representative to service voluntary
student purchases of class rings, under school supervision and
at school facilities;" and

2.   "Could such a practice be prohibited as constituting
an improper or unfair method of competition?"

Implicit in the first question is the inquiry of whether
the school facilities, school grounds, school personnel and
school time may be utilized for the display, sale and delivery
of rings and the collection of money therefor.  The board of
trustees of an independent school district has ". . .the
exclusive power to manage and govern the public free schools
of the district. . ." and they ". . .may adopt such rules,
regulations, and by-laws as they may deem proper."  Texas Edu-
cation Code, Section 23.26(b) & (d).  Historically the general
supervisory powers of the school district trustees over the
programs and facilities of the local school district have been
very broad and have included their right to permit the school
building or any part of the school property to be used for
private purposes, either gratuitously or for compensation when
such use is found not to impair the school property or interfere
with the orderly and successful conduct of the school.  Royce
Ind. School Dist. v. Reinhardt, 159 S.W. 1010, 1011 (Tex. Civ.
App. 1913, error ref.).   Activities that have been held to be
within the legitimate scope of the trustees' authority to

-3970-

permit on school properties include such things as the use of a school gymnasium as a public skating rink, Attorney General Opinion No. 0-167 (1939); also the grant of exclusive rights to a radio station to broadcast play by play accounts of football games played on its property. Southwestern Broadcasting Co. v. Oil Center Broadcasting Co. 210 S.W.2d 230, (Tex. Civ. App., error ref. n.r.e.).

The soundness of the vesting of broad managerial powers on a local board of trustees who are elected by the taxpayers of that district, upon whom the greatest impact of the trustee's decision rests, appears to have withstood the test of time and to be incorporated in the revision and recodification of the laws relating to public schools, being the Texas Education Code, enacted by the 61st Legislature in 1969 and including the aforesaid Section 23.26. If the trustees find that the furnishing of school facilities and the supervision by school personnel of the purchase and service of class rings which may be purchased by students does not interfere with the school program and is related to the furtherance of school spirit and morale, such trustees may grant the privilege of using such facilities and school supervision to any one, two, several or all ring manufacturers or their representatives or none of them, as the board of trustees may choose. Such an incidental use of school grounds, facilities, personnel or time in our opinion would not necessarily impair the school property or interfere with the orderly and successful conduct of the school but may be found to be in furtherance of it. The discretionary decision by the board of trustees is subject to review on administrative appeal to the State Commissioner of Education, the State Board of Education, and the District Court of Travis County, Texas, as provided by the Texas Education Code, Section 11.13, for any unreasonable abuse of their discretion. From the facts presented, no such abuse has been shown.

As to whether such practice could be prohibited as constituting an improper or unfair method of competition, we must observe that all the facts surrounding and in connection with each particular situation must be considered in the determination of this question. The Federal Trade Commission reviewed the practices in this field in the case of L. G. Balfour Co., et al., Dkt. No. 8435, July 29, 1968, F.T.C. Complaints, Orders, Stipulations ¶18,485, (appeal by respondent pending in the 7th U. S. Circuit Court of Appeals) and enjoined the Balfour Company from entering into such exclusive arrangements for "road line" stock rings for periods that exceeded one year, but recognized the reasonableness and validity of a three year contract where specially designed rings were

selected which required expensive special dies for their manufacture to permit the ring maker to amortize these costs over the three year period. Since this Federal Trade Commission case is similar in many respects to the facts submitted in this opinion request and because the F.T.C. Order will not become a final order until the expiration of the appeal presently pending in the 7th U. S. Circuit Court of Appeals, this office cannot render an opinion during the pendency of such appeal as to whether such practice may be an unfair trade practice as prohibited by Section 5 of the Federal Trade Commission Act, 15 U. S. Code Secs. 41-58. The application of the F.T.C. Act would only apply if the practice is "in commerce" which is loosely defined as being in interstate commerce and its coverage does not extend to practices which merely "affect" interstate commerce. F.T.C. v. Bunte Brothers, Inc., 312 U. S. 349 (1941). Since the present status of this decision is unsettled, the law is still speculative and the policy of this office is to refrain from rendering an opinion thereon. Attorney General Opinion No. V-291 (1947).

If the arrangement is intrastate and outside the ambit of the F.T.C. Act of course the Texas Antitrust Laws, Sec. 15.01 et seq., Texas Business and Commerce Code, would apply. In Hailey v. Brooks, 191 S.W. 781 (Tex. Civ. App., 1916, no writ) the Court of Civil Appeals held that the unrebutted allegation that the principal, superintendent and school trustees who established a school cafeteria and supply house and thereafter prohibited the students from dealing or trading with the plaintiff, constituted an unlawful conspiracy in the form of a boycott. That such action transcended their authority and may be subject to injunction therefor; and that the trial court erred in denying the injunction ex parte without a hearing and with only the plaintiffs sworn pleadings to the above cited facts alleged.

The arrangement inquired about in this opinion request shows no competitive possibilities as that in the Hailey case, supra, between the school district and any ring manufacturer bidding for the exclusive grant described. In construing the antitrust laws of Texas, the courts, with substantial uniformity, have recognized a well defined exception to the rule that all exclusive contracts are within the prohibition of those laws; in that an owner, lessor or one in control of premises may agree with another person that such other person shall have an exclusive right or privilege in or on such premises. Schnitzer v. Southwest Shoe Corporation, 364 S.W.2d 373, 374 (Tex. Sup. 1963). A contract by the trustees of a hospital giving a doctor a five year exclusive right to perform surgery in such hospital was approved in Jeanes v. Burke, 226 S.W.2d 908, (Tex. Civ. App., 1950, no writ).

We find no conflict with the Texas antitrust laws in the proposed action of the school district and no improper method of competition that could be prohibited under the laws of this State.

## S U M M A R Y

An independent school district in Texas may legally solicit bids from class ring manufacturers (or their representatives) and based upon such bids, may grant an exclusive privilege to one such manufacturer (or its representative) to service voluntary student purchases of class rings, under school supervision and at school facilities; provided such use does not impair the school property or interfere with the orderly and successful conduct of the school. Whether such grants for five years may be an unfair method of competition prohibited by Sec. 5 of the Federal Trade Commission Act is a question presently being considered by the Federal Courts and is therefore speculative and unsettled and cannot be decided by this opinion.

No state antitrust law violations are shown in the proposed course of action.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

BY

NOLA WHITE
First Assistant

Prepared by Wayne R. Rodgers
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Gordon Cass
Robert E. Owen

Scott Garrison
Jack Sparks

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant