CITY PRODUCTS CORPORATION
et al., Petitioners,

v.

Sydell BERMAN et al., Respondents.

No. B–8521.

Supreme Court of Texas.

Dec. 10, 1980.

Rehearing Denied Jan. 14, 1981.

McMahon, Smart, Wilson, Surovik & Suttle, Stanley P. Wilson and Elizabeth Thompson, Jack Sayles, Abilene, Nunn, Griggs & Steakley, Charles R. Griggs, Sweetwater, for petitioners.

Berman, Fichtner & Mitchell, Harold B. Berman and Toby L. Gerber, Dallas, Mays, Moore, Dickson & Roberts, Johnny M. Moore, Sweetwater, for respondents.

POPE, Justice.

The question presented by this appeal is whether a covenant for noncompetition in a lease of the Ben Franklin Building in Colorado City, Texas, executed by the partners of A & I Levy Estates, a partnership, as lessors, was void because it violated the antitrust provisions of Section 15.02 of the Texas Business and Commerce Code. The trial court rendered judgment on a jury verdict, upholding the validity of the lease covenant. The court of civil appeals, with one justice dissenting, reversed the judgment in part and rendered judgment that the lease contract violated the antitrust laws. 579 S.W.2d 313. That court remanded the cause for the determination of damages on a crossaction. We reverse that part of the judgment of the court of civil appeals that held the covenant was void. We affirm that part of the judgment of the court of civil appeals holding that the plaintiffs cannot recover punitive damages.

In 1958 the Ben Franklin Building in Colorado City, Texas, was owned by the Estate of Abe Levy, the Estate of Ike Levy, and Max Berman. The owners executed a five–year lease on the building for use as a variety store. The lease contained this protective covenant:

(1) That the Landlord will not, during the term hereof, or any renewal or extension hereof, lease or permit to be used, any portion of the building in which demised premises are situated or any portion of any other building or premises controlled by the landlord located within one thousand (1000) feet of the herein demised premises, for any business similar to the business of the Tenant, that is to say, for any variety store or any business conducted under the name of a five and ten cent store, five cents to one dollar store, or similar name.

City Products Corporation was the successor in interest to Butler Brothers, the original lessee. City Products Corporation later subleased the store to Z. S., Inc. who intervened in this case on the side of the plaintiff, City Products Corporation. By supplemental agreements, the term of the original lease was extended three different times, the third agreement being executed on January 4, 1971.

The third supplemental agreement is the one that is brought into question by this suit as a combination in restraint of trade. That agreement contains a recital that the lessors and landlord had succeeded to all the right and title of those who had signed the original lease agreement. That document also recites that the landlord was nine named persons who were doing business as A & I Levy Estates, a Limited Partnership. Those nine named persons are Freda Levy, I. A. Loeb and Fannie Loeb, Max Berman and Sydell Berman, Morris L. Siegel and Helen Siegel, and William Sheridan and Hattie Sheridan. Each of the named persons signed the extension agreement as a general partner. Morris Siegel and William Sheridan signed the agreement as partners of A & I Levy Estates. They did not own any of the realty, but their wives owned an undivided separate estate in the property.

This controversy began when Max Berman, who had signed the supplemental agreement as one of its partners, leased a commercial building that he owned and which was located across the street from and within 1,000 feet of the Ben Franklin Building. In September, 1974, Max Berman leased the Berman Building to Perry Brothers, Inc. for the operation of a competing variety store.

City Products Corporation filed this suit to enjoin Berman and his tenant from violating the noncompetition agreement contained in the partnership's lease of the Ben Franklin Building. City Products Corporation also sued each of the partners who had

executed the lease of the Ben Franklin Building. The defense by Berman and his tenant, Perry Brothers, Inc. was that the noncompetition covenant in the lease to City Products Corporation was a combination which violated the Texas antitrust statute. Berman and Perry Brothers, Inc. also asserted a counterclaim against the plaintiffs and a cross-claim against each of those who had joined with him as landlords in A & I Levy Estates' partnership lease.

The trial court rejected the defense by Berman and Perry Brothers, Inc. that the lease was a violation of the antitrust laws, and as to that part of the defense granted a summary judgment. After a jury trial of the remaining issues, the court enjoined Berman and Perry Brothers, Inc. from operating the Perry Brothers variety store within 1,000 feet of the Ben Franklin Building. The trial court also rendered judgment for punitive damages to City Products Corporation for thirty thousand dollars and to Z. S., Inc. for fifteen thousand dollars.

Our first question is whether the court of civil appeals erred in its holding that the third supplemental agreement is void because it violated Section 15.04 of the Texas Business and Commerce Code. Section 15.04 says that a trust, as defined in Section 15.02 of the Code, is illegal, void and unenforceable in law or equity. Section 15.02(b) says:

> (b) A "trust is a combination of capital, skill or acts by two or more persons to
>
> (1) restrict, or tend to restrict trade, commerce, aids to commerce, the preparation of tangible personal property for market or transportation, or the free pursuit of a lawful business; . . . .
>
> \* \* \* \* \* \*
>
> (3) prevent or lessen competition in (A) the manufacture, transportation, sale or purchase of tangible personal property;
>
> \* \* \* \* \* \*
>
> (7) refrain from engaging in business, or from buying or selling personal property, partially or entirely in this state.

While a covenant which restricts competition on the part of the lessor evidences a combination which might violate Sections (1), (3), and (7) of Article 15.02(b) of the Code, there are exceptions to the broad prohibitions of the antitrust laws. *See generally* 54 Am.Jur.2d, *Monopolies, Restraints of Trade, and Unfair Trade Practices,* §§ 511–541 (1971). This court held in *Schnitzer v. Southwest Shoe Corporation,* 364 S.W.2d 373, 374–75 (Tex.1963), that two merchants who owned adjoining property could not impose restrictions upon the tenant of one of them. The court, however, recognized that restraints in some situations are permissible. The court wrote:

> One of the exceptional situations is that in which an owner, lessor or one in control of premises agrees with another person that the other person shall have an exclusive right or privilege on the premises or that the other person will sell on the premises only the products or merchandise of the owner or lessor. [Citations omitted.] Contracts or agreements of this character are upheld when they are collateral or incidental to a lawful lease or grant of premises in which the lessor or grantor has a property interest.

Under the *Schnitzer* exception, a lessor may impose upon himself a covenant *not to compete* with the lessee. A lessor also may, by a reasonably limiting covenant, agree that he will not use or permit the use of his other property by others, in competition with his lessee. *Karam v. H. E. Butt Grocery Co.,* 527 S.W.2d 481 (Tex.Civ.App.–San Antonio 1975, writ ref'd n. r. e.); *Neiman–Marcus Co. v. Hexter,* 412 S.W.2d 915 (Tex.Civ.App.–Dallas 1967, writ ref'd n. r. e.); *Edwards v. Old Settlers' Ass'n,* 166 S.W. 423 (Tex.Civ.App.–Austin 1914, writ ref'd); *Wheatley v. Kollaer,* 63 Tex.Civ. App. 459, 133 S.W. 903 (1910, no writ).

The lease in this instance was executed by the partners of A & I Levy Estates as partners, rather than as owners of the realty. This is crucial in deciding the validity of the noncompetition covenant in the lease, because Morris Siegel and William Sheridan, while signing the lease as partners,

were not owners of the realty. Their wives were owners, but they were not. The partnership was the landlord and lessor of the Ben Franklin Store. The partnership was composed of all of those who signed the 1971 extension of the lease agreement. In this case, the existence of the partnership was found by the trial court, and there is evidence which supports that finding. Moreover, Max Berman, as one of the parties who signed the third supplemental agreement as a general partner, was estopped to deny the fact of partnership or that he, along with the others, signed it as a partner in A & I Levy Estates, a partnership. *See, Box v. Lawrence,* 14 Tex. 545 (1855); *Mathews v. Sun Oil Co.,* 411 S.W.2d 561, 564 (Tex.Civ.App.–Amarillo 1966), *aff'd,* 425 S.W.2d 330 (1968); *Woldert v. Skelly Oil Co.,* 202 S.W.2d 706 (Tex.Civ. App.–Texarkana 1947, writ ref'd n. r. e.); 31 C.J.S., *Estoppel* § 36.

■ A partnership may exist for the purpose of leasing properties over which it has control even though the partnership does not own the realty. *Texas City Dike & Marina, Inc. v. Sikes,* 500 S.W.2d 953, 956 (Tex.Civ.App.–Houston [1st Dist.] 1973, writ ref'd n. r. e.). A partnership to deal with land, for example, may exist between persons when only some of them own the land. Some may furnish the use of property, and the other persons' membership in the partnership may consist of their contribution of services. Ownership of realty is not an essential element of every partnership. *Logan v. Logan,* 138 Tex. 40, 156 S.W.2d 507 (1941); *Littleton v. Littleton,* 341 S.W.2d 484, 489 (Tex.Civ.App.–Houston 1960, writ ref'd n. r. e.); Tex.Rev.Civ.Stat. Ann. art. 6132b, § 10. The partnership lease was for the use of the Ben Franklin building, and it in no way concerned title to the property.

We do not have here the vice in the noncompetition agreement that existed in either *Schnitzer v. Southwest Shoe Corp., supra;* or *Kroger Company v. J. Weingarten, Inc.,* 380 S.W.2d 145 (Tex.Civ.App.– Houston 1964, writ ref'd n. r. e.). In *Schnitzer,* the noncompetition agreement was signed both by Schnitzer who owned the premises and by Alpard, who had no property interest, no control and no right to lease the premises. Schnitzer and Alpard were not partners. Alpard was only another neighbor merchant in the business community. In *Kroger Company,* the lease which imposed the noncompetition restriction was signed by Center Corporation, Realty Corporation, and Frank W. Sharp. The first two had a property interest in the lease, but Sharp, again, was just another neighbor businessman who held no legal interest in the leased premises.

■ We hold that Morris Siegel and William Sheridan were partners who owned an interest in the A & I Levy Estates' partnership lease of the Ben Franklin Store. *Taylor v. Lewis,* 553 S.W.2d 153, 158 (Tex. Civ.App.–Amarillo 1977, writ ref'd n. r. e.); Tex.Rev.Civ.Stat.Ann. art. 6132b, §§ 6, 16. That interest is a property interest which is a vendible interest. *Kroger Co. v. J. Weingarten, Inc., supra,* at 150; Tex.Rev.Civ. Stat.Ann. art. 6132b, §§ 26, 27. Under this court's decision in *Schnitzer,* the partnership was a lessor or one in control of the premises and, as such, could agree to bind its partners not to compete. *Schnitzer* holds that a noncompetition agreement will be upheld as to an "owner, lessor or one in control of the premises" when it is collateral or incidental to a lawful lease of premises.

■ The supplemental lease was, therefore, a valid extension agreement by A & I Levy Estates, a partnership. Max Berman was one of the partners who joined in and signed that supplemental agreement as a partner of A & I Levy Estates, and the noncompetition agreement was binding upon him. He violated that agreement when he leased the Berman Building to Perry Brothers, Inc. The partnership covenant prohibited his individual violation of the agreement that he had made as one of the partners. *Raymond v. Yarrington,* 96 Tex. 443, 73 S.W. 800 (1903); *Welsh v. Morris,* 81 Tex. 159, 16 S.W. 744 (1891); *Uptown Food Store, Inc. v. Ginsberg,* 255 Iowa 462, 123 N.W.2d 59, 1 A.L.R.3d 765 (1963).

We conclude, therefore, that the covenant which prohibited the competition was not a violation of the antitrust statutes. As held by the trial court, the covenant was valid and enforceable. The trial court thus correctly enjoined Berman and Perry Brothers, Inc. from leasing or permitting the use of the Berman Building as a variety store which competes with the business at the Ben Franklin variety store. We reverse the judgment of the court of civil appeals which dissolved that injunction.

■ The trial court, however, also rendered judgment against Berman and Perry Brothers, Inc. for punitive damages. It rendered judgment for City Products Corporation against those defendants for thirty thousand dollars, and it rendered judgment for Z. S., Inc. for fifteen thousand dollars. The jury made findings that neither City Products Corporation nor Z. S., Inc. had suffered any actual damages, but that the stated amounts should be awarded as punitive damages. When a distinct, wilful tort is alleged and proved in connection with a suit upon a contract, one may recover punitive damages, but even in that instance the complainant must prove that he suffered some actual damages. *International Bankers Life Ins. Co. v. Holloway*, 368 S.W.2d 567 (Tex.1963); *A. L. Carter Lumber Co. v. Saide*, 140 Tex. 523, 168 S.W.2d 629, 631 (1943); *Fort Worth Elevators Co. v. Russell*, 123 Tex. 128, 70 S.W.2d 397, 409 (1934); *McDonough v. Zamora*, 338 S.W.2d 507, 513 (Tex.Civ.App.–San Antonio 1960, writ ref'd n. r. e.); *Briggs v. Rodriguez*, 236 S.W.2d 510 (Tex.Civ.App.–San Antonio 1951, writ ref'd n. r. e.). *See also, Southwestern Investment Co. v. Neeley*, 452 S.W.2d 705, 707 (Tex.1970); *Seegers v. Spradley*, 522 S.W.2d 951, 957 (Tex.Civ.App.–Beaumont 1975, writ ref'd n. r. e.). The court of civil appeals was correct in reversing that part of the judgment.

We examined the other points that Berman and Perry Brothers, Inc. urged in the court of civil appeals to determine if there are factual matters which require our remand of the cause to that court. They have urged a number of factual insufficiency points, but our decision renders all of them immaterial. They are points which complain of the trial court's judgment against them for punitive damages, and we have held that neither Berman nor Perry Brothers, Inc. is subject to those damages. That part of the judgment of the court of civil appeals was correct in its reversal of the trial court's judgment.

We, therefore, reverse that part of the judgment of the court of civil appeals which dissolved the injunction ordered by the trial court and affirm that portion of the trial court's judgment. We affirm that part of the judgment of the court of civil appeals which reversed the trial court's judgment for punitive damages in favor of City Products Corporation and Z. S., Inc. Since both petitioners and respondents have in part prosecuted their appeals with effect, one-half of the costs in the trial court and on appeal are adjudged against City Products Corporation, Z. S., Inc., and A & I Levy Estates, a partnership. The other half of the trial and appellate costs are adjudged against the Estate of Max Berman and Perry Brothers, Inc. *Commercial Standard Ins. Co. v. Ebner*, 149 Tex. 28, 228 S.W.2d 507, 511 (1950); Tex.R.Civ.Pro. 501.