**TEXAS FEDERAL SAVINGS AND LOAN ASSOCIATION and Van Glover, as Trustee, Appellants,**

v.

**Patricia A. DAVIS and Valerie J. Davis, Appellees.**

No. 05–82–01481–CV.

Court of Appeals of Texas, Dallas.

March 5, 1984.

Will Pryor, Thompson & Knight, Dallas, for appellants.

Walter A. Cober, Grand Prairie, for appellees.

Before CARVER, GUILLOT and STEWART, JJ.

GUILLOT, Justice.

This is an appeal by Texas Federal Savings and Loan Association and Van Glover, as Trustee (hereinafter collectively referred to as "Texas Federal"), from a judgment in a suit for a permanent injunction. Texas Federal raises two points of error; we agree with both points. For the reasons below, we reverse that part of the judgment awarding attorney's fees to the appellees Patricia A. Davis and Valerie J. Davis (the "Davises"), and order reformation of the mechanic's lien contract. We leave in effect the permanent injunction because no attack has been made upon it by Texas Federal.

Texas Federal was assigned a builder's, mechanic's, materialman's, and laborer's lien on the Davises' swimming pool. Texas Federal moved to foreclose on the lien,

thinking that the Davises were in default on a provision of the contract assigned to Texas Federal in connection with the lien. The Davises sued to enjoin the foreclosure. Texas Federal responded with an answer and a counterclaim seeking reformation of the mechanic's lien contract. The trial court rendered judgment for the Davises, granting them an injunction and awarding them attorney's fees. The judgment did not address the counterclaim, other than to note that the legal description was incorrect, but did say that all relief not expressly granted was denied.

■ In its first point of error, Texas Federal contends that the trial court erred in awarding the Davises attorney's fees because an award of such fees was not authorized by contract or statute. *New Amsterdam Casualty Co. v. Texas Industries, Inc.*, 414 S.W.2d 914 (Tex.1967); *Equitable Trust Co. v. Lyle*, 627 S.W.2d 824 (Tex.App.—San Antonio 1982, writ ref'd n.r.e.). We first note that in *Fidelity Savings & Loan Association of Port Arthur v. Baldwin*, 416 S.W.2d 482 (Tex.Civ.App.—Beaumont 1967, writ ref'd n.r.e.), the court explicitly stated that there could be no award of attorney's fees in a suit to enjoin foreclosure of a mechanic's lien. However, the Davises contend that TEX.REV.CIV.STAT.ANN. art. 2226 (Vernon Supp. 1982–1983) provides for liberal construction of its terms and thus should be construed to include the instant situation as a suit founded on a written contract. Although the 1979 amendment provides that the statute be construed liberally, we do not find that Article 2226 extends as far as a suit for injunctive relief. There is no authority for this proposition. Although the Davises cite *Jones v. Kelley*, 614 S.W.2d 95 (Tex.1981), where the court allowed attorney's fees in a suit for specific performance of a contract, that was a suit directly related to the contract whereas a suit for injunctive relief is available only when no remedy under the contract exists. *See Grayson Enterprises, Inc. v. Texas Key Broadcasters, Inc.*, 388 S.W.2d 204 (Tex.Civ.App.—Eastland 1965, no writ). A suit founded upon a contract is of a wholly different nature than a suit for injunctive

relief. Also, the language of Article 2226 indicates that it should apply only where money damages are sought; it says in pertinent part that "if, at the expiration of 30 days thereafter, *payment for the just amount owing* has not been tendered, the claimant may, if represented by an attorney, also recover ... a reasonable amount as attorney's fees" (emphasis added). Even liberal construction may not do violence to the statute's terms. *Maryland Casualty Co. v. Smith*, 40 S.W.2d 913, 914 (Tex.Civ.App.—Dallas 1931, no writ).

We also note that the Legislature did find it appropriate to specifically authorize the award of attorney's fees in suits for declaratory judgments, TEX.REV.CIV. STAT.ANN. art. 2524-1, § 10 (Vernon Supp.1982–1983), amended in 1981 to provide for attorney's fees, and in suits for sequestration, TEX.REV.CIV.STAT.ANN. art. 6840 (Vernon Supp.1982–83). In contrast, the Legislature recently amended the non-judicial foreclosure statute, TEX.REV. CIV.STAT.ANN. art. 3810 (Vernon Supp. 1982–83), without providing for the award of attorney's fees in a related lawsuit. Because neither Article 2226, though liberally construed, nor a specific statute authorizes attorney's fees in this kind of suit, we can not allow them on a statutory basis.

■ The Davises further contend that we should uphold the award of the attorney's fees as exemplary damages. However, as Texas Federal points out, there can be no exemplary damages in a suit where, as in the instant case, no actual damages have been awarded, *City Products Corp. v. Berman*, 610 S.W.2d 446, 450 (Tex.1980), and where no distinct tort has been alleged *and* proved. *Amoco Production Co. v. Alexander*, 622 S.W.2d 563, 571 (Tex.1981); *Berman*, 610 S.W.2d at 450. The Davises cite *International Bankers Life Insurance Co. v. Holloway*, 368 S.W.2d 567 (Tex. 1963), in support of their argument that no "legal" damages must exist before exemplary damages can be awarded. This argument is not well founded when no actual damages were found. *See International Bankers Life Insurance Co. v. Holloway*,

368 S.W.2d 567. In Additional Findings of Fact and Conclusions of Law, the trial judge incorrectly found that violations of the statute created "a presumption" of actual damages to the appellant. We will not presume any such thing. Further, neither breaches of the mechanic's lien contract nor violations of Article 3810 constitute a tort. Accordingly, we reverse that part of the judgment of the trial court awarding attorney's fees to the Davises.

In its second point of error, Texas Federal contends that the trial court erred by failing to grant its counterclaim for reformation of the mechanic's lien contract because the misdescription of property in that contract was due to a mutual mistake of the parties. Texas Federal asks that we render judgment ordering reformation of the contract. Because Texas Federal asks that judgment be rendered on its counterclaim, it must be contending that the evidence establishes as a matter of law that there was a mutual mistake. A review of the evidence shows: (1) that the proper description of the property is contained in the Mortgage Lien Deed of Trust on the property; (2) that the description in the mechanic's lien contract differs from that in the Mortgage Lien Deed of Trust; (3) that the description in the mechanic's lien contract is incorrect; and (4) that the incorrect description was likely the result of a clerical error.

Although the Davises contend that the mistake could be with respect to the name of the owners of the described property in the mechanic's lien contract, there is undisputed testimony that the contract related to work done on the specifically identified property of the Davises. Also the Davises seem to argue that the original contractor who assigned the contract to Texas Federal should have been joined and that the contract cannot be reformed in his absence. They argue that the original contractor may have taken a lien on the property described in the mechanic's lien contract and might still have it. However, the Davises' property was established as the subject of the Mechanic's Lien Contract that was assigned to Texas Federal, so this argument is without merit.

We hold that the evidence establishes the elements of mutual mistake as a matter of law. The contract includes a property description that is different from the true agreement of the parties, different from what both parties intended to be included, and the result of a scrivener's error. *See Wright v. Gernandt*, 559 S.W.2d 864, 868 (Tex.Civ.App.—Corpus Christi 1977, no writ). Therefore, we order that the mechanic's lien contract be reformed to incorporate the correct property description. *Thalman v. Martin*, 635 S.W.2d 411 (Tex.1982); *Stretcher v. Gregg*, 542 S.W.2d 954 (Tex.Civ.App.—Texarkana 1976, no writ). The incorrect description is as follows:

> Lot 12, Block A/5634 of Idlewild Acres, Fourth Installment, a resubdivision of parts of City Block C/5634 and D/5634, an addition to the City of Dallas, Texas, recorded in Volume 13, Page 117, Map Records, Dallas County, Texas.

We order that the mechanic's lien contract be reformed to read as follows:

> BEING Lot 12 in Block D/5634 of Idlewild Acres, Fourth Installment, an addition to Dallas County, Texas, according to the resubdivision of parts of City Blocks E/5635 and D/5634 recorded in Volume 13, Page 117, Map Records, Dallas County, Texas.

Accordingly, we reverse that part of the judgment awarding attorney's fees and render judgment denying attorney's fees; order reformation of the mechanic's lien contract and remand this cause to the trial court with instructions to enter judgment in accordance with this opinion; and affirm the judgment in all other respects.

Costs taxed against the Davises.