**BEAUMONT COCA COLA BOTTLING COMPANY, et al., Appellants,**

v.

**Francis CAIN, et ux., Appellees.**

**No. 09 83 144 CV.**

Court of Appeals of Texas, Beaumont.

May 31, 1984.

See also, Tex.App., 628 S.W.2d 99.

David E. Bernsen, Beaumont, for appellants.

Philip Babin, III, Beaumont, for appellees.

OPINION

McNICHOLAS, Justice.

The sole issue in this case and the only point of error is whether the trial court erred in denying appellants' claim for contribution under *Article 2212a* of *TEX.REV. CIV.STAT.ANN.* for the monies paid by the appellants to settle plaintiff Nelson's cause of action.

The case arose from an automobile accident which occurred on September 21, 1978, when a vehicle driven by Alexander, an employee of Coca Cola, struck the rear of the vehicle driven by Cain, in which Lenora P. Nelson was a passenger. Cain, the appellee, filed a lawsuit for injuries she received as a result of the accident and Nelson was added as a party plaintiff. Appellants, in addition to their answer, filed a cross-action over and against Cain for contribution and/or indemnity for any cause of action which Nelson might establish against them.

After voir dire but before trial of the case, the appellants settled Nelson's cause of action for $15,000. The trial court was informed of the settlement and the settlement was entered in the record. Counsel for Cain acknowledged the settlement and

stipulated as to its reasonableness, but the trial court neither signed the settlement agreement nor was the settlement agreement at any time reduced to judgment.

The trial was had to a jury which found that the accident was caused solely by Cain's negligence.[1] The appellants then filed a Motion for Judgment contending that they were entitled to recover from Cain the $15,000 paid to Nelson in settlement. Cain filed a Motion for Judgment asking that she recover nothing from appellants because of the jury's findings and that appellants be denied its claim over and against her for contribution. Judgment was rendered by the trial court that appellants recover nothing from Cain on their cross-action.

Appellants contend that they, as a settling defendant, are entitled to contribution from the non-settling defendant, relying on *TEX.REV.CIV.STAT.ANN. art. 2212a* (Vernon Supp.1984) and *Cypress Creek Utilities Service Co. v. Muller*, 640 S.W.2d 860 (Tex.1982) for the disposition of this case. We disagree.

On January 4, 1984, the Texas Supreme Court held in *Bonniwell v. Beech Aircraft Corporation*, 663 S.W.2d 816, 27 Tex.Sup. Ct.J. 140 (1984) that "neither article 2212 nor article 2212a provides any right of contribution to a joint tortfeasor who has settled the plaintiff's claim".

To gain the benefit of any relief under *Article 2212*, a tortfeasor, appellants here, must be established as a judgment debtor through the rendition of a contested or agreed judgment. *Lubbock Manufacturing Co. v. International Harvester Co.*, 584 S.W.2d 908, 911 (Tex.Civ.App.—Dallas 1979, writ ref'd n.r.e.); *See, Brown & Root, Inc. v. United States*, 198 F.2d 138 (5th Cir.1952); *Lower Neches Valley Authority v. City of Beaumont*, 392 S.W.2d 733 (Tex. Civ.App.—Beaumont 1965, writ ref'd n.r. e.).

We concur with both the language and the reasoning of the Austin appellate court when it wrote:

"Article 2212 requires a legally enforceable judgment; a mere settlement agreement which was not reduced to judgment form would not satisfy the prerequisites to recovery under Article 2212. While this difference may *seem* overly technical, the rationale behind the requirement of a judgment, as opposed to simply a settlement, is sound. The court in *Bonniwell* simply reaffirmed this principle...."

*Iowa Manufacturing Company v. Weisman Equipment Company*, No. 13,595 CV (Tex.App.—Austin, March 7, 1984) (not yet reported).

The judgment of the trial court is

AFFIRMED.

BROOKSHIRE, J., not participating.

---

1. In response to Special Issue No. 1, the jury found "no" negligence on the part of Alexander, the driver of the Coca Cola truck. Further, in response to Special Issue No. 12, the jury found Alexander was "0% and Frances Cain 100%" negligent.