TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00225-CV






Bruce Poling, Appellant



v.



Wheeler Coatings, Inc., Appellee







FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY


NO. 227,570, HONORABLE ORLINDA L. NARANJO, JUDGE PRESIDING







 Bruce Poling, appellant, appeals from a jury award favoring appellee, Wheeler
Coatings, Inc. ("Wheeler"). Wheeler sued Poling alleging claims of breach of contract and fraud. 
After a trial on the merits, the jury found that Poling had both breached his contract and
committed actionable fraud. Wheeler elected to recover on the fraud theory, (1) and the trial court
rendered judgment against Poling. Poling appeals on three points of error: (2) (1) the sufficiency
of the evidence to support the fraud and exemplary damage claims; (2) the admission of evidence
concerning Poling's prior lawsuits against other parties; and (3) the sufficiency of the evidence to
support the punitive damage claim. We will affirm the judgment of the trial court.


BACKGROUND


 On February 2, 1994, Poling, an attorney, hired Wheeler to pave a driveway for
his home. Wheeler began the work in late April, but stopped when a city crew placed a temporary
power pole in the center of the area to be paved. Poling requested that Wheeler dig a trench under
the driveway to accommodate the power cable, making the pole unnecessary. Wheeler agreed and
dug the trench. Wheeler billed Poling $1764 for the preparatory work on the driveway and $410
for the trench digging operation it had completed, a total of $2174. Poling paid for the
preparatory work, but not the trench. When Poling refused to pay the $410 for the trench,
Wheeler refused to resume work. Poling threatened to file suit against Wheeler.

 The parties eventually agreed that Poling would pay the remaining balance and
Wheeler would return to work. Wheeler returned to work, finished the job, and billed Poling
$7,052 for the remaining balance of payments due and owing. Poling did not pay the invoice. 
He confirmed to Wheeler on July 20 that he would pay the full invoice, but continued to be vague
regarding the repayment schedule. After a second demand for payment by Wheeler, Poling wrote
a letter on September 25 reiterating his promise to pay when he was able. (3) When Poling again
failed to pay, Wheeler filed suit.

 The case was tried to a jury on alternate theories of breach of contract and fraud. 
The jury answered all questions of fact in Wheeler's favor, and Wheeler elected the remedies
available under its fraud cause of action. The court ordered Poling to pay Wheeler $7,052 in
actual damages, $60,000 in punitive damages, $1,580.42 in prejudgment interest, post-judgment
interest at 10%, and all court costs. Poling appeals.


DISCUSSION

Evidentiary Review

 In his first and third points of error, Poling argues that the trial court erred because
the evidence was legally and factually insufficient to support the jury's verdict of fraud and its
award of punitive damages. 

 When deciding a legal sufficiency issue, we are limited to reviewing only the
evidence tending to support the jury's verdict and must disregard all evidence to the contrary. See
Bancorp, Inc. v. Culpepper, 802 S.W.2d 226, 227 (Tex. 1990). If the proffered evidence as a
whole rises to a level that would enable reasonable and fair-minded people to differ in their
conclusions, it is legally sufficient. See Transportation Ins. Co. v. Moriel, 879 S.W.2d 10, 25
(Tex. 1994); see also William Powers, Jr. & Jack Ratliff, Another Look at "No Evidence" and
"Insufficient Evidence," 69 Tex. L. Rev. 515, 522 (1991). Anything more than a scintilla of
evidence is legally sufficient to support the finding. See Continental Coffee Prods. v. Cazarez,
937 S.W.2d 444, 450 (Tex. 1996).

 When reviewing a jury verdict for factual sufficiency, we must consider and weigh
all the evidence, and should set aside the judgment only if it is so contrary to the overwhelming
weight of the evidence as to be clearly wrong and unjust. Cain v. Bain, 709 S.W.2d 175, 176
(Tex. 1986); Pool v. Ford Motor Co., 715 S.W.2d 629 (Tex. 1986); In re King's Estate, 244
S.W.2d 660, 661 (Tex. 1951); see generally Powers & Ratliff, 69 Tex. L. Rev. 515.


Fraud

 At trial Wheeler was required to prove each of the elements of fraud: (1) a material
misrepresentation (2) which was false (3) and which was either known to be false when made or was
asserted without knowledge of its truth (4) which was intended to be acted upon (5) which was relied
upon (6) and which caused injury. See Formosa Plastics v. Presidio Eng'rs & Contractors, 960
S.W.2d 41, 47 (Tex. 1998). Poling takes issue with two of these elements: intent and reliance.

 To show that Poling knew his promise to perform on the contract with Wheeler was
false, Wheeler was required to prove that Poling's representations were made "with the intent to
deceive and with no intention of performing as represented." Formosa Plastics, 960 S.W.2d at 48
(citing Spoljaric v. Percival Tours, Inc., 708 S.W.2d 432, 434 (Tex. 1986)). Poling argues that
the only credible evidence Wheeler presented at trial to prove an intent to defraud was his letter
of September 25, 1995, and that this letter is insufficient to prove intent as a matter of law because
it was written after the transaction with Wheeler was completed. "A representation made after
a transaction is complete, no matter how false, cannot give rise to an action for fraud." Eagle
Properties, Ltd. v. KPMG Peat Marwick, 912 S.W.2d 825, 827 (Tex. App.--El Paso 1996, writ
denied). 

 However, since intent to defraud is not susceptible to direct proof, it invariably
must be proven by circumstantial evidence. See Spoljaric, 708 S.W.2d at 435. While a party's
intent is determined at the time the party made the representation, it may be inferred from the
party's subsequent acts after the representation is made. See id. at 434. In the instant case, the
representations at issue occurred when Poling convinced Wheeler to resume work on the driveway,
not when the initial agreement was made. Although Poling's intent should be determined at the
time he made those representations, the evidence of Poling's subsequent acts presented by Wheeler
may be used to infer Poling's intent at the time of those representations. See id.

 Wheeler has presented ample evidence to prove the element of fraudulent intent. 
In addition to Poling's letter previously discussed, the evidence included: (1) Poling's July
statement that he would pay, but did not know when; (2) Poling's failure to respond to Wheeler's
invoice of September 7; (3) the testimony of witness Dean Donnellan, vice president of Wheeler,
that he distrusted Poling after he refused to pay for the trenching operation; and (4) several
lawsuits in which Poling was a party used to show that Poling manipulated the court system to
escape paying full price for services he received. Having examined the evidence of fraudulent
intent presented by Wheeler at trial, we find it both legally and factually sufficient.

 Poling next argues that there is insufficient evidence of Wheeler's reliance on his
fraudulent representations to support the trial court's judgment that he committed fraud. We
disagree. The testimony of Donnellan clearly demonstrates Wheeler's reliance upon the fraudulent
representations Poling made between July 1994 and May 30, 1995:


[Counsel]: And what day was that?


[Donnellan]: The invoice, I think, was paid shortly after it was received by Mr.
Poling, in July of '94.


[Counsel]: So any promises to pay after that, you believe, were not genuine. Is
that correct?


[Donnellan]: Yes.


[Counsel]: And is there any way, without his representation that he was going
to pay you, that you would continue to do the work for him?


[Donnellan]: Personally, no. I felt it was a bad business risk.


[Counsel]: So is it your testimony, under oath here, that you relied on his
promises to pay?


[Donnellan]: We had nothing else to go on.



In reliance upon Poling's fraudulent representations that he would pay Wheeler's bill, Wheeler
returned to work and completed Poling's driveway. We find the evidence proving reliance both
legally and factually sufficient. Having found legally and factually sufficient evidence of Poling's
fraudulent intent and Wheeler's reliance upon Poling's fraudulent representations, we overrule
Poling's first point of error.


Punitive Damages 

 In his third point of error, Poling initially argues that there is no evidence supporting
the award of punitive damages because the underlying actual damages of $7052 resulted from a
breach of contract, which cannot support punitive damages. However, as mentioned, Wheeler
elected to recover under fraud. Punitive damages are clearly recoverable in tort. See Texas Nat'l
Bank v. Karnes, 717 S.W.2d 901, 903 (Tex. 1986); City Prods. Corp. v. Berman, 610 S.W.2d
446, 450 (Tex. 1980) (plaintiff can recover punitive damages when distinct tort alleged and proved
in connection with suit upon contract). Here, the actual damages awarded for fraudulent
inducement are measured like contract damages, but sound in tort. See Formosa Plastics, 960
S.W.2d at 47. Poling's initial argument is without merit.

 Poling next argues that the evidence was legally and factually insufficient because
the $60,000 punitive damage award was excessive. The determination of whether to award
exemplary damages and the amount of exemplary damages to be awarded is within the discretion
of the trier of fact. Owens Corning Fiberglass Corp. v. Malone, 972 S.W.2d 35, 42 (Tex. 1998)
(citing Tex. Civ. Prac. & Rem. Code Ann. § 41.010(b) (West 1997)). However, whether a
punitive damage award violates state common law or is grossly excessive remains for the courts
to decide. Owens Corning, 972 S.W.2d at 43. We analyze whether an award of punitive damages
is excessive by the factors set out in Alamo National Bank v. Kraus: (4) (1) the nature of the wrong;
(2) the character of the conduct involved; (3) the degree of culpability of the wrongdoer; (4) the
situation and sensibilities of the parties concerned; and (5) the extent to which such conduct
offends a public sense of justice and propriety. We may reverse a punitive damage award or
suggest a remittitur only after determining that the evidence supporting the award is factually
insufficient or the judgment is so against the great weight and preponderance of the evidence as
to be manifestly unjust. See City of Fort Worth v. Zimlich, 975 S.W.2d 399, 410 (Tex.
App.--Austin 1998, no pet.). The evidence establishes that Poling fraudulently induced Wheeler
to resume work on the driveway, work for which Poling did not intend to pay. Poling's actions
forced Wheeler to doggedly pursue payment for work already completed, and eventually to file
suit. Poling's claims of financial hardship do not conform to the evidence. The direct and
circumstantial evidence of Poling's intent to defraud, including Poling's use of the legal system
to delay or avoid paying for services rendered to him, are evidence of conduct which "offends a
public sense of justice and propriety." After reviewing the Kraus factors, we hold that the trial
court's award of $60,000 in exemplary damages is supported by the evidence.

 Furthermore, we find the ratio between actual and punitive damages to be
reasonable. Though there exists no bright-line rule to test the reasonableness of an exemplary
damage award, the 8.5:1 ratio in the instant case falls below ratios previously found acceptable
under Texas common law. See, e.g., Greenhalgh v. Service Lloyds Ins. Co., 787 S.W.2d 938,
939 (Tex. 1990) (16:1 ratio); Shandee Corp. v. Kemper Group, 880 S.W.2d 409, 411 (Tex.
App.--Houston [14th Dist.] 1994, writ denied) (20:1 ratio); Beacon Nat'l Ins. Co. v. Reynolds,
799 S.W.2d 390, 398 (Tex. App.--Fort Worth 1990, writ denied) (28:1 ratio); K-Mart Corp.
Store # 7441 v. Trotti, 677 S.W.2d 632, 639-40 (Tex. App.--Houston [1st Dist.] 1984), writ ref'd
n.r.e. per curiam, 686 S.W.2d 593 (Tex. 1985) (12.5:1 ratio). We cannot say that the jury acted
unreasonably by awarding exemplary damages in the amount of $60,000. Because the evidence
is both legally and factually sufficient to support the award, we overrule Poling's third point of
error.


Open Courts Provision

 In his second point of error, Poling argues that the trial court erred by admitting into
evidence prior lawsuits in which he was a party. These lawsuits were admitted into evidence to
demonstrate Poling's pattern of manipulating the legal system to defraud other individuals in
situations similar to that of Wheeler, including a welder, a veterinarian, a cabinet maker, a
surveyor, a maker of specialty windows, and others. The admission or exclusion of evidence
generally rests within the sound discretion of the trial court. See New Braunfels Factory Outlet
Ctr., Inc. v. IHOP Realty Corp., 872 S.W.2d 303, 310 (Tex. App.--Austin 1994, no writ). 
Poling attempts to characterize the trial court's admission of this evidence as constitutional error
rather than an evidentiary decision within the trial court's discretion. He argues that the prior
court cases in which he was involved cannot be used against him because such a use would have
a "chilling effect" on his and other plaintiffs' access to the courts. We disagree.

 The Open Courts provision of the Texas constitution protects access to the court
system. See Tex. Const. art. I, § 13. It does not shield from the jury probative evidence which
suggests an abuse of that court system. Evidence of a course of conduct whereby an attorney
manipulates the legal system to further a fraudulent scheme may be of probative value, and thus
within the discretion of the trial judge to determine admissibility. Moreover, the ultimate decision
of whether the previous use of the court system is fraudulent lies with the jury. We refuse to say
the trial court abused its discretion in this instance. Poling's second point of error is overruled.


CONCLUSION


 Having found the evidence supporting the jury's verdict of fraud and its award of
punitive damages both legally and factually sufficient, and having found that the trial court did not
abuse its discretion in admitting evidence of Poling's past lawsuits as evidence of fraud, we affirm
the judgment of the trial court.


 

 

 Mack Kidd, Justice

Before Justices Kidd, Patterson and Powers*

Affirmed

Filed: April 22, 1999

Do Not Publish









* Before John E. Powers, Senior Justice (retired), Third Court of Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1. See Boyce Iron Works, Inc. v. Southwestern Bell Tel. Co., 747 S.W.2d 785, 787 (Tex.
1988) (when jury returns favorable findings on two or more theories, party has right to judgment
on theory entitling him to greatest or most favorable relief).
2. Because we will affirm the trial court's judgment awarding Wheeler damages for fraud, we
need not address Poling's points of error regarding the breach of contract cause of action.
3. The evidence suggests that Poling's home at that time was valued at $800,000.
4. 616 S.W.2d 908, 910 (Tex. 1989).



Greenhalgh v. Service Lloyds Ins. Co., 787 S.W.2d 938,
939 (Tex. 1990) (16:1 ratio); Shandee Corp. v. Kemper Group, 880 S.W.2d 409, 411 (Tex.
App.--Houston [14th Dist.] 1994, writ denied) (20:1 ratio); Beacon Nat'l Ins. Co. v. Reynolds,
799 S.W.2d 390, 398 (Tex. App.--Fort Worth 1990, writ denied) (28:1 ratio); K-Mart Corp.
Store # 7441 v. Tro